

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. A. Guest
County Attorney
Pittsburg, Texas

Dear Sir:

Opinion No. 0-3564
Re: The authority of municipal
corporations to pay obli-
gations which are barred
by limitation..

     This acknowledges receipt of your opinion request
of recent date wherein you state that the City of Pittsburg
has heretofore contracted for the construction of certain
street improvements within the city, which were to have been
paid for in cash at the time of the completion of the con-
tract. You further state that the city did not have suffi-
cient cash on hand at the time the contract was completed and,
therefore, issued to the contractors certain items of script
as evidence of the indebtedness, which script was later fund-
ed into time warrants. You further state as follows:

    "Since it has been more than four years since
the work on the streets has been completed and
since the script warrants were issued, and since
a part of the time warrants are more than four
years past due, I would appreciate your opinion
on the following question:

    "If the city now pays to Haden and Austin
the amount of money it owes on these street im-
provements, which is more than four years past
due, would the members of the City Council and
the City Treasurer become personally liable to
the city for such payments?"

    Article 5540, Revised Civil Statutes, 1925, pro-
vides that --

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The law of limitations shall not be available in any suit unless it be specifically set forth by the party who in his answer invokes it as a defense."

The rule that limitation as a defense may be waived is tersely stated in the case of Duckworth v. Dallas County Levee Improvement District, 11 S. W. (2d) 263, where it is said:

"A plea of limitation is a special defense which must be pleaded. It can be raised only by special exception or plea. Limitation is a defense that may be waived. It can never be raised by general demurror. And, although limitation is made a valid defense by statute, the courts have never gone out of their way to find some way to sustain such a defense, but have always required that it be properly presented by special exception or plea, and on appeal under a proper assignment of error."

It is well established that statutes of limitation "are remedial, and in no manner do they affect the substantive rights of litigants," 28 Tex. Jur. 78; Payne v. Caldwell, 267 S. W. 280; Chapman v. Mooney, 257 S. W. 1106. The correct principle is set forth in 28 Tex. Jur. 281, as follows:

"It is a general rule, firmly settled, that the statute of limitations affects the remedy only, but does not destroy the debt. There remains a moral obligation to pay, which constitutes good consideration for a new promise. . . ."

The governing body of a municipal corporation may waive the defense of limitation. If such a plea may be waived, it logically follows that there is no absolute duty imposed by law upon the governing body to present the defense of limitation, in a suit which may be filed against the city. It therefore follows that the governing body of a city may proceed to pay a claim which is just and upon which there is a moral obligation to pay, although the defense of limitation might be interposed in a suit brought to collect the claim. If, as stated in

your letter, the City of Pittsburg was financially embarrassed at the time this obligation was incurred and has been unable to pay the amount, we can see no reason why the sufferage of its creditors should make it impossible for the city voluntarily to pay an honest debt when it becomes able to do so, even though the period of limitation under the statutes may have run.

A similar question arose in the case of State v. Elliott, 212 S. W. 695. In this case Elliott, the plaintiff, secured legislative permission to sue the State for damages resulting from personal injuries received while working for the State railroad. More than two years had elapsed between the time of the injury and the time of filing suit, but the act granting permission to sue provided that limitation should not run until two years after the date the act became effective. The State attacked the statute on the grounds that at the time the suit was filed, the cause of action was barred by limitations. Numerous constitutional objections were made to the Legislature's effort to revive the cause of action after it had become subject to a defense of limitation. The court expressed some doubt as to the running of the statutes of limitations, but held that even if the claim were barred, there was no objection to the Legislature waiving it. The Court said:

"Moreover, no constitutional provision required the State to plead limitation as a defense; hence its legislature was not without the power, through a measure of the character here involved, to waive it, such an act being a forward looking one, and not therefore under the ban interdicting ex post facto and retroactive statutes. O'Hara v. State, 112 N. Y. 146, 19 N. E. 659, 2 L. R. A. 603, 8 Am. State Reports 726; Davis v. Dawes, 4 Watts & Ed. (Pa.) 40; Lewis v. Turner, 40 Ga. 416."

Applying the same principles, the Texas courts have held that neither a county nor a city can complain of an act of the Legislature requiring it to pay a debt which has been barred by limitation. Limestone County v. Robbins, 38 S. W. (2d) 580 (Comm. App.); County of Caldwell v. Crockett, 4 S.W. 607 (Sup. Ct.); Mellinger v. City of Houston, 3 S. W. 249 (Sup. Ct.).

Since the Legislature has remained silent on the subject, it is our opinion that the discretion of whether or not a claim which might be defended successfully upon a defense limitation, may voluntarily be paid by a city, is vested in the governing body of the city. It naturally follows that the governing body would not be liable, personally or otherwise, for a reasonable exercise of this discretion. We, therefore, answer your question above quoted in the negative.

We have been notified verbally that you are no longer interested in the question as to whether or not the city's obligation for these street improvements may now be funded into bonds or warrants.

The foregoing opinion has been based upon the assumption that the city's obligation is barred by the statute of limitation. We think there is some doubt as to whether or not this type of obligation is barred by the statute of limitation, but we do not think it necessary to answer that question in this opinion.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____
Claud O. Boothman
Assistant

APPROVED JUL 1947

FIRST ASSISTANT
ATTORNEY GENERAL

COB:db



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN